UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MERRY JOHNSON                                      CIVIL ACTION

VERSUS                                             NUMBER: 12-0095

CAROLYN W. COLVIN, ACTING                          SECTION: "H"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


                       **REPORT AND RECOMMENDATION**

    Presently before the Court is plaintiff's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, and the defendant's response thereto.  (Rec. docs. 22, 28).  For the reasons that follow, it is recommended that plaintiff's motion be granted in part.

    Plaintiff, through counsel, filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI") benefits.  (Rec. doc. 1). After the parties had filed their cross-motions for summary judgment (rec. docs. 15, 16, 17), the Court issued a Report and Recommendation recommending that plaintiff's case be remanded to

the Commissioner for further development of the record. (Rec. doc. 18). No objections to the Report and Recommendation were filed by the parties and on March 15, 2013, the District Judge issued an Order remanding the case to the Commissioner. (Rec. doc. 19). In due course, plaintiff filed her motion for EAJA fees to which the defendant has filed her response. (Rec. docs. 22, 28).

By way of her present motion, plaintiff seeks attorney's fees for 40.25 hours of time that was expended in this case at a rate of $183.00 per hour for a total award of $7,365.00.[1]/ In her response to plaintiff's motion, the Commissioner does not dispute the issues of plaintiff's prevailing party status, timeliness, the propriety of the application for fees, or substantial justification. (Rec. doc. 28, p. 1). What the Commissioner does challenge is the hourly rate at which plaintiff's counsel seeks to be compensated and whether the fees should be paid to counsel rather than the plaintiff herself. (Id.). As for the former contention, the Court finds more persuasive defendant's argument that an hourly rate of $160.00 is appropriate in this District. Grant v. Colvin, No. 12-CV-1306, 2013 WL 4508161 at *2 (E.D. La. Aug. 22, 2013); Thibodeaux

---

[1]/ In the affidavit attached to her petition, plaintiff itemizes 37.25 hours of time that was devoted to this case. (Rec. doc. 22-1). Another 3.0 hours was reportedly expended in preparing the EAJA fee petition (rec. docs. 22, p. 2; 22-3, p. 3), for a total of 40.25 hours. The Commissioner does not contest the number of hours that were logged by plaintiff. (Rec. doc. 28, pp. 1, 4).

v. Astrue, 914 F.Supp.2d 789, 793 (E.D. La. 2012); Seal v. Astrue, No. 11-CV-2168, rec. doc. 33 (E.D. La. Oct. 3, 2012)(unpublished order); Roberts v. Astrue, No. 07-CV-7444, 2010 WL 924287 at *2 (E.D. La. March 9, 2010).  The government is also correct that attorney's fees awarded under EAJA are payable to the litigant rather than her counsel.  Astrue v. Ratliff, 560 U.S. 586, ___, 130 S.Ct. 2521, 2525-29 (2010); Murkledove v. Astrue, 635 F.3d 784, 788-89 n.2 (5th Cir. 2011); Thibodeaux, 914 F.Supp.2d at 793-94.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff, Merry Johnson, be awarded EAJA fees in the amount of $6,440.00 (40.25 hours at $160.00 per hour).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __13th__ day of ____December____,
201_3_.

                                            ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE